Mary Roach Horovcak, petitioner-appellant,

*v.*

Andrew J. Horovcak, defendant-respondent.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

On appeal from a decree of the court of chancery advised by Advisory Master Minturn, who filed the following opinion:

"The above matter was originally heard by advisory master Edward M. Colie. It was submitted to me for my conclusions on the testimony already taken. An incidental part of the matter was heard before me.

"The petitioner, Mary Roach Horovcak, filed a petition for a divorce against her husband, alleging extreme cruelty. The defense is a general denial. No cross-petition has been filed.

"I have very carefully considered all the testimony, briefs, exhibits and pleadings in this matter.

"The parties were married on February 12th, 1925, in New York City. Immediately thereafter and from that time on, they have continually lived in New Jersey at various addresses in and about the city of Newark. The parties first separated in the latter part of 1928, but resumed their marital relationship within a short time thereafter. The second separation occurred on or about March 11th, 1928. From that date to the present time they have been living separate and

apart. There were no children born of the marriage. Numerous acts of cruelty were alleged on the part of the defendant. The solicitor for the petitioner has classified them under ten heads. Half of them relate to complaints regarding food, the handling of the furnace by the wife, unreasonable demands for sexual intercourse, accusations of marital infidelity and baseless spying and supervision by the husband over the wife. My consideration of these allegations and the proofs submitted thereunder fully convince me that either alone or together with the other charges they fall far short of sustaining the burden necessary to establish a case of extreme cruelty. The alleged severe beatings and use of vile and abusive language alone merit my consideration.

"I have no doubt that the defendant on different occasions used vile and abusive language. However, I am likewise certain that the petitioner indulged in the use of similar vocal expressions. Judging from the surrounding circumstances, I cannot say that the use of the language by the defendant caused the petitioner any great·distress, or the effects such as are contemplated under our decisions. There was evidence submitted on the petitioner's side and denied by the defendant as to beatings dealt out by the husband to the wife. I find nothing of a substantive character in the evidence to justify a finding of extreme cruelty on the part of the husband so as to satisfy the statutory requirements of an action of the character before me. From a reading of the testimony, it appears to me that the petitioner is a woman of a hysterical type who forces herself into unnecessary and uncomfortable physical conditions followed sometimes by spells of fainting. But this is a condition which she brings upon herself.

"The testimony of the petitioner strikes me as highly exaggerated and beyond belief. If any beatings were administered, the defendant was not a party to them. Several complaints were sworn against the defendant. So far as I can see these complaints were primarily the results of differences between the defendant and petitioner's brothers and brother-in-law. It is obvious that all these people could not get along together under the same roof. I am certain that the defend-

ant loved and still loves his wife. The fact that these people all lived together did the interested parties here no good whatsoever, but often furnished a *causus belli* and presented a condition which operated as a continuing basis for dissension between the parties. If they, themselves, were left alone and were not interfered with by these influences, it is highly probable that they could manage to live over their troubles and get along together. The source of their trouble quite obviously resided not in themselves, but in the provocative atmosphere in which they attempted to subsist.

"Failing to find a substantive legal ground as a basis for finding the existence of cruelty within the contemplation of the statute, I shall advise the dismissal of the petition.

"A decree in conformity with this view may be presented and I shall advise the same."

*Mr. Leonard J. Emmerglick,* for the appellant.

*Mr. Harold Simandl,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Advisory Master Minturn in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.